IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Newark Group, Inc. | : | |
| Plaintiff, | : | Case No. C2 01-1247 |
| v. | : | Judge Frost |
| James F. Sauter, et al., | : | Magistrate Judge Abel |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION OF DEFENDANTS
SONOCO-US MILLS INC. AND SONOCO PRODUCTS COMPANY
TO NEWARK'S FIRST MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF A PRIOR LAWSUIT**

**I.     INTRODUCTION**

The Court should permit Defendants Sonoco-US Mills Inc. and Sonoco Products Company (collectively, "Sonoco") to introduce evidence of the trade secret litigation that occurred between the parties in Sonoco Products Company v. Johnson, et al., Case No. 98-CV-4833 (Colo. Dist. Ct.) (the "Colorado Case") because that case is directly probative of Newark's retaliatory motive and intent in bringing this action.  Sonoco has presented evidence, and will do so at trial, demonstrating that conversations such as those between Jim Sauter and Tim Wilson are common in the papermaking industry, and that the information Sauter disclosed to Wilson is of the type normally exchanged between competitors and does not constitute trade secrets.  Nevertheless, Newark continues to insist with unwavering determination that Sonoco *must have* misappropriated its trade secrets.

Newark's irrational pursuit of this case can be explained by looking to Newark's motive in bringing this case.  Newark brought this action solely in retaliation for Sonoco's bringing the Colorado Case and for the outcome of the Colorado Case.  In the Colorado Case, the court found

that Newark misappropriated Sonoco's trade secrets. The court found Newark jointly and severally liable for an award of actual damages of $4.6 million, as well as a $2.3 million punitive damages award. The damages awards were affirmed on appeal. *See* Sonoco Prods. Co. v. Johnson, 23 P.3d 1287 (Colo. Ct. App. 2001). Less than eight months later, Newark instituted this action.

The Court has found that Newark presented enough evidence on its misappropriation claim to survive summary judgment. The jury may decide, however, that Newark's evidence fails to prove by a preponderance of the evidence that Sonoco misappropriated Newark's trade secrets. In making this determination, the jury should be allowed to consider Newark's motive for bringing this case. The Colorado Case, and its close temporal proximity to Newark's filing this case, is evidence from which a reasonable juror could conclude that Newark's motive was retaliation. Therefore, the evidence should be submitted to the jury.

Additionally, Newark seeks a permanent injunction, thereby requesting the Court to exercise its equitable powers. In determining whether to exercise its equitable powers, the Court may consider, pursuant to the unclean hands doctrine, Newark's conduct.[1] The Colorado Case constitutes evidence from which the Court may reasonably conclude that Newark's true motivation in bringing this action is retaliation against Sonoco. Such a retaliatory motive demonstrates Newark brought this case in bad faith and therefore does not possess clean hands.

Similarly, if Sonoco prevails at trial and the Court concludes Newark brought its trade secret misappropriation claim in bad faith, then, pursuant to Ohio's Trade Secrets Act, Ohio Rev. Code § 1333.64(A), the Court may award Sonoco its attorneys' fees. Because the Colorado Case

---

[1] The unclean hands doctrine is Sonoco's second affirmative defense. (Sec. Am. Answer at 8, Docket # 162).

is evidence demonstrating Newark lacked a good faith basis for bringing its misappropriation claim, the Court should permit its introduction into evidence.

The Colorado Case does not constitute impermissible hearsay because Sonoco will not offer the case for the truth of the matters asserted therein. Sonoco intends to introduce the Colorado Case only to demonstrate Newark's retaliatory motive. The Colorado Case is not hearsay in this regard and the Court should not grant Newark's request to prevent the jury from hearing and considering this probative evidence.

Finally, the purported risk of unfair prejudice does not, as required, substantially outweigh the clear probative value of the Colorado Case. The risk of any unfair prejudice may be decreased by a limiting instruction from the Court. Accordingly, the Court should deny Newark's motion to exclude evidence of the Colorado Case.

**II.   LAW & ARGUMENT**

    **A.   The Colorado Case is directly probative of Newark's retaliatory motive for bringing this case, and therefore the Colorado Case is relevant and <u>admissible</u>.**

The Colorado Case, and its close temporal proximity to the initiation of this case, is clearly relevant to the instant litigation between the parties because it is evidence of Newark's retaliatory motive. Although the conversations between Sauter and Wilson were innocuous and did not reveal any of Newark's trade secrets, Newark continues to claim that Sonoco received all of Newark's still unidentified Procter & Gamble "formula." The jury should be permitted to hear evidence of the Colorado Case because that case explains why Newark is using those benign conversations to go after Sonoco - retaliation.

        1.   *Federal courts routinely admit evidence of prior litigation.*

It is well settled that evidence of prior litigation, either between the parties or involving one of the parties, is relevant and therefore admissible. *See, e.g.*, Colonial Refrigerated Transp.,

Inc. v. Mitchell, 403 F.2d 541, 551 (5th Cir. 1968); Gower v. Ikon Office Solutions, Inc., 177 F. Supp. 2d 1224, 1236 (D. Kan. 2001); Donnelly Corp. v. Gentex Corp., 918 F. Supp. 1126, 1133 (W.D. Mich. 1996); Oyefudon v. City of New Orleans, No. Civ. A. 98-3283, 2001 WL 175233, at *1 (E.D. La. Feb. 16, 2001) (attached hereto as Exhibit A).  Federal courts regularly admit evidence of prior lawsuits involving both, or even one, of the parties, for a variety of reasons, particularly in situations in which, as here, a party seeks the introduction of such evidence for purposes of demonstrating a party's motive or intent.  *See* Pittsley v. Warish, 927 F.2d 3, 9 (1st Cir. 1991); Jones v. Washington Metropolitan Area Transit Auth., 946 F. Supp. 1011, 1019-20 (D. D.C. 1996).

The First Circuit Court of Appeals affirmed the district court's admission of evidence of a prior litigation involving the plaintiff because such evidence was "probative in demonstrating motive and bias." Pittsley, 927 F.2d at 10.  In Pittsley, the plaintiff brought suit under 42 U.S.C. § 1983 against several police officers, including an officer who had previously arrested the plaintiff and then testified at her criminal trial.  *See id.* at 5.  The First Circuit held evidence of the plaintiff's arrest and concomitant trial "were probative in demonstrating motive and bias given that Officer Warish arrested Ms. Pittsley and testified against her at trial which led to her conviction on the motor vehicle charges." *Id.* at 10.

The court in Jones likewise held that evidence of a prior case involving one of the parties in the current case was relevant to demonstrate that party's intent or motive.  *See* Jones, 946 F. Supp. at 1019.  The district court held that the court's previous finding, in another lawsuit, that the defendant engaged in gender discrimination was admissible in the current retaliation case because the finding that the defendant had engaged in employment discrimination "would

certainly be relevant to its intent or motive to retaliate against those who complained of such discrimination." *Id.* [2]

Courts admit evidence of prior litigation for other reasons. For instance, a district court within the Sixth Circuit permitted the defendant in a patent suit to introduce into evidence two previous patent cases between the parties (in both of which the current plaintiff had been the prior defendant). *See* Donnelly Corp., 918 F. Supp. at 1134. The court held evidence of the previous cases was extremely relevant to issues in the instant case and therefore admissible. Additionally, the court explained that while it was sympathetic to the plaintiff's concerns regarding the effect that the introduction of the prior litigations may have on the jury, "confusion and unfair prejudice can be prevented through appropriate instructions and by appropriate questioning by counsel." *Id.*

The foregoing demonstrates evidence of a prior litigation is relevant and admissible for a variety of reasons. Particularly germane are those decisions holding that evidence of prior litigation is admissible when it constitutes evidence of a party's motive or intent. Because the Colorado Case is evidence from which a reasonable fact finder could conclude Newark's motive in bringing this action is retaliatory in nature, the Court should permit Sonoco to introduce evidence of that case. *See* Pittsley, 927 F.2d at 10; Jones, 946 F. Supp. at 1019.

2. *The authorities upon which Newark relies are inapposite.*

None of the cases upon which Newark relies involves the issue of a party's motive, intent, or bias. For that reason alone, as well as others, Newark's reliance on the cases cited in its First Motion in Limine is misplaced. The prior litigation against the defendant in Atkins v.

---

[2] Other courts have admitted evidence of prior litigations to demonstrate a party's state of mind. *See* Colonial Refrigerated Transp., Inc., 403 F.2d at 551 (holding that evidence of a prior fraud case against one of the defendants in the current fraud action was admissible for proving the defendant's "knowledge, motive or intent"); Gower, 177 F. Supp. 2d at 1236 (finding that evidence of previous shareholder derivative suits against the current defendant was admissible in the instant action because "it helped establish what the plaintiff's state of mind was at the time he reported the defendant's activities").

GE Capital Mortgage Servs., Inc. 993 F. Supp. 1406 (M.D. Ala. 1998), for example, did not involve both parties to the current litigation and involved a completely different subject matter than the litigation currently before the Court. In Chapman v. AI Transp., No. 1:94-CV-1666-WBH, 1997 U.S. Dist. LEXIS 23894 (N.D. Ga. Jun. 10, 1997), the district court concluded in one sentence, in an unreported decision, that the plaintiff's prior discrimination lawsuit against his previous employer was irrelevant to whether he had viable claims against his current employer.

In the final case upon which Newark relies, Metrix Warehouse v. Daimler-Benz Aktiengeslllschaft, 555 F. Supp. 824 (D. Md. 1983), the court explained, in the sentence preceding the passage of the opinion that Newark quotes, "[f]irst, with regard to the government suit, there appears to be little dispute between the parties." *Id.* at 825. Thus, a complete reading of the decision demonstrates the parties did not even dispute that a previous government suit that the government voluntarily dismissed was irrelevant to and inadmissible in the current litigation. Accordingly, Newark's selective quotation notwithstanding, this decision is inapposite to the instant matter.

In summary, evidence of the Colorado Case is directly probative of Newark's retaliatory motive and intent for bringing the instant action and therefore it is relevant. The Court should permit Sonoco to introduce evidence of the Colorado Case.

**B.    The Colorado Case is not hearsay because Sonoco will not introduce it for the truth of the matters asserted therein.**

Newark's hearsay argument is a non-issue because Sonoco will not offer the Colorado Case to establish the truth of the matters asserted therein.

A statement constitutes hearsay *only* if it is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). By definition, therefore, a statement that is not admitted

for the truth of the matter asserted is not hearsay. Statements offered to show a party's state of mind, such as motive or intent, do not constitute hearsay. *See* United States v. Lacey, No. 94-1030, 1995 WL 258142, at *7 (6th Cir. May 2, 1995) (attached hereto as Exhibit B); Yetts v. ITW-NIFCO, Inc., 50 F. Supp. 2d 776, 783-84 (S.D. Ohio 1999); Cameron v. Board of Education, 820 F. Supp. 336, 337 (S.D. Ohio 1993); 5 Weinstein's Federal Evidence § 801.11[5][b], at 801-18 (Joseph M. McLaughlin ed., 5th ed. 2003) (collecting cases).[3]

Sonoco will not introduce the Colorado Case for the truth of the court's findings. Pursuant to Rule 801(c), the Colorado Case does not constitute hearsay, and thus this aspect of Newark's Motion is without merit.[4]

### C. The probative value of the Colorado Case substantially outweighs the purported prejudice of that case.

The Colorado Case is clearly probative of Newark's retaliatory motive. For Newark's prejudice argument to prevail, Newark must demonstrate that the Colorado Case's "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Newark fails to satisfy its burden. The supposed unfair prejudice of the Colorado Case does not outweigh, much less *substantially* outweigh, the probative value of that evidence.

The introduction of the Colorado Case will not unfairly prejudice Newark because that evidence will not suggest a decision on an improper basis, such as an emotional one. *See* Fed. R. Evid. 403 advisory committee's note ("'Unfair prejudice' within its context means an undue

---

[3] The cases upon which Newark relies are inapplicable. Those cases *all* involved instances in which the prior litigation was introduced for the truth of the matters asserted therein and therefore constituted hearsay. None of the cases involved the instant situation - introducing evidence of previous litigation to demonstrate a party's retaliatory motive.

[4] Sonoco may also introduce evidence of the Colorado Case for impeachment purposes, which does not run afoul of the hearsay rule because the evidence still is not introduced for the truth of the matters asserted. *See* Fed. R. Evid. 801(c); Oyefudon, 2001 WL 175233, at *1 (explaining that evidence of the plaintiff's prior injuries and lawsuits may be admissible as impeachment evidence). Sonoco understands, however, that the Court will likely reserve ruling on the impeachment issue until that issue presents itself at trial. *See* Oyefudon, 2001 WL 175233, at *1.

tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). The Colorado Case is not evidence suggesting a decision in Sonoco's favor for an improper basis. If the jury concludes that Newark brought this case for retaliatory reasons and finds in Sonoco's favor, that decision is not based on impermissible grounds.

Newark's fear that jurors may hold its loss in the Colorado Case against it, thereby painting Newark in a bad light, does not mean the evidence is unfairly prejudicial. Indeed, as the Sixth Circuit has held, "[t]hat this evidence logically casts [a party] in an unfavorable light is not, *ipso facto*, a reason to exclude it. All evidence presented by a party opponent, is prejudicial to the other side, to a greater or lesser degree. The relevant question is whether its probative value is *substantially* outweighed by its danger of unfair prejudice." Doe v. Claiborne County, 103 F.3d 495, 515-16 (6th Cir. 1996); *see also* 2 Weinstein's Federal Evidence, *supra*, § 403.03[1][a], at 403-33 (explaining that "[v]irtually all evidence is prejudicial to one party or another[,]" but "[t]o justify exclusion under Rule 403, the prejudice must be unfair"). The introduction of the Colorado Case is not unfairly prejudicial. Accordingly, it should be admitted into evidence.

Additionally, the Court can prevent any risk of unfair prejudice through an appropriate instruction to the jury. The Western District of Michigan held that an instruction to the jury would obviate any unfair prejudice of introducing two prior litigations between the parties. *See* Donnelly Corp., 918 F. Supp. at 1134. The Donnelly Corporation is similar to this case. In Donnelly Corporation, the plaintiff moved *in limine* to preclude the defendant from referring to two prior litigations between the parties. In those two prior litigations, the plaintiff (Donnelly) had been the defendant and the current defendant (Gentex) had been the plaintiff. *See id.* In denying the plaintiff's motion *in limine*, the court held:

> This Court is certainly sympathetic to Donnelly's position relating to the prior litigations. It is hard enough to explain to a jury the complicated and factually intensive issues involved in this litigation without trying to further explain what has transpired in two previous patent litigations. Unfortunately, the facts of the prior litigations are highly relevant to the damage issues in this cause. . . . The Court also believes that confusion and unfair prejudice can be prevented through appropriate instructions and by appropriate questioning by counsel.

*Id.*; *see also* 2 Weinstein's Federal Evidence, *supra*, § 403.02[2][c], at 403-16 ("If there is doubt about the existence of unfair prejudice . . . it is generally better practice to admit the evidence, taking necessary precautions by way of contemporaneous instructions to the jury followed by additional admonitions in the charge.") (citing cases).[5]

To the extent the Court deems it necessary, it can craft an appropriate instruction to the jury regarding the Colorado Case. As in Donnelly Corporation, such an instruction will obviate any purported unfair prejudice and therefore negates Newark's conclusory unfair prejudice argument.[6]

---

[5] For an additional example of a court holding that the introduction of a prior proceeding involving one of the parties to the instant litigation was proper notwithstanding the risk of prejudice, see United States v. Fisher, No. 95-10733, 1997 U.S. App. LEXIS 12671, at *30-31 (5th Cir. Feb. 13, 1997) (attached hereto as Exhibit C). In Fisher, the Fifth Circuit held the district court erred in prohibiting the criminal defendants from introducing evidence of a prior arbitration in which they were successful and which was related to the subject matter of the criminal trial. The court rejected the district court's conclusion that the risk of confusing and misleading the jury that may accompany the introduction of the arbitration was such that it should have prevented the defendants from presenting that evidence. *See id.*

[6] The cases upon which Newark relies in support of its prejudice argument are inapposite and unpersuasive. (Newark's First Motion in Limine at 7-8.) In none of those cases did the party seek to introduce evidence to demonstrate the opposing party's motive, and therefore the probative value of the prior litigations in those cases is starkly different than the Colorado Case's probative value. There are other patent differences. In Nippers, for example, the plaintiff introduced the existence of a prior litigation as proof of an ongoing conspiracy. *See* Nippers, 7 F.3d at 417. The court, limiting its holding to the facts before it, stated "[i]n circumstances similar to those in this case such evidence should be excluded. . . ." *Id.* at 418. In Atkins, as discussed *supra*, the prior litigation concerned a completely unrelated subject matter and was not relevant whatsoever to the case currently before the court. *See* Atkins, 993 F. Supp. at 1414 n.5.

Newark's selective quotation of In re Catanella & E.F. Hutton & Co., Inc., No. 82-3176, 1988 U.S. Dist. LEXIS 3179 (E.D. Pa. Apr. 11, 1998), fails to include the preceding sentence which states "[a] jury is likely to give a prior verdict against the same defendant more weight than it warrants." *Id.* at *6. Here, Newark is not a defendant in this action, and therefore its reliance on one sentence from In re Catanella is misplaced. Finally, Newark's reliance on Herrick is misplaced because the court was not discussing Rule 403 and because the proponent of introducing the prior litigation sought to introduce it for the truth of the matters asserted therein. *See* Herrick, 298 F.3d at 1191-92.

The Colorado Case is directly probative of Newark's retaliatory motive in bringing this case. Newark has failed to demonstrate the Colorado Case is unfairly prejudicial or that the supposed unfair prejudice substantially outweighs the probative value. The Court should, therefore, permit Sonoco to introduce evidence of the Colorado Case. *See* Fed. R. Evid. 403.

**D.    The Colorado Case is probative of Sonoco's unclean hands defense and a determination of whether Sonoco is entitled to its attorneys' fees.**

This Court must make findings regarding Sonoco's unclean hands defense and the issue of whether Sonoco is entitled to its attorneys' fees because Newark brought its trade secret misappropriation claim in bad faith. The Colorado Case is probative of both these issues because it demonstrates Newark brought its trade secret claim in bad faith. For these reasons, the Court should permit Sonoco to introduce evidence of the Colorado Case.

1.    *The Colorado Case supports Sonoco's unclean hands defense.*

Newark seeks the equitable remedy of an injunction permanently enjoining Sonoco from, among other things, disseminating Newark's alleged trade secrets. Sonoco asserted the unclean hands defense to Newark's request for injunctive relief. The Colorado Case is evidence demonstrating Newark brings this claim in bad faith and thus supports Sonoco's unclean hands defense.

The Sixth Circuit has held "[t]he concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1383 (6th Cir. 1995); *see also* Merrill Lynch, Pierce, Fenner & Smith Inc. v. Callahan, 265 F. Supp. 2d 444-45 (D. Vt. 2003) (employing the doctrine of unclean hands in a trade secret misappropriation claim in refusing to enter an injunction against the defendants). Sonoco intends to argue and

demonstrate that Newark's conduct in bringing this case amounts to bad faith because Newark lacks a good faith basis for instituting this suit, but instead did so only in retaliation for the Colorado Case. Therefore, the Colorado Case is evidence of Newark's "bad faith related to the matter at issue to the detriment" of Sonoco. *Id.* It is therefore probative of Sonoco's unclean hands defense. *Cf.* Midwest Motor Supply v. Davis, No. C-2-02-531, 2002 WL 1578770 (S.D. Ohio Jul. 2, 2002) (Graham, J.) (considering the plaintiff's litigation history in its determination of the defendant's unclean hands defense) (attached hereto as Exhibit D).

> 2. *The Colorado case is evidence supporting an award of attorneys' fees under the Ohio Uniform Trade Secrets Act.*

The Court may award Sonoco its attorneys' fees should Sonoco prevail at trial on Newark's trade secret misappropriation claim if the Court concludes Newark's trade secret claim "is made in bad faith." Ohio Rev. Code § 1333.64(A). Evidence demonstrating that Newark lacked a good faith basis for bringing its misappropriation claim is clearly relevant to this determination. Therefore, the Colorado Case is undoubtedly probative in the determination of whether Newark brought its trade secret misappropriation claim in bad faith.

In summary, the Court should permit Sonoco to introduce into evidence the Colorado Case because that case is evidence from which a reasonable fact finder could conclude Newark lacks a good faith basis for bringing its claims but instead did so for retaliatory purposes. This issue is probative not only in the jury's determination, but also in the Court's consideration of whether Newark brought its claims in bad faith. The Court should not grant Newark's request to keep this evidence from the jury or the Court.

**III.     CONCLUSION**

For the foregoing reasons, Defendants Sonoco-US Mills Inc. and Sonoco Products Company respectfully request the Court deny Newark's Second Motion in Limine to exclude evidence concerning the Colorado Case.

    Respectfully submitted,

    /s/ Scott E. North
    Scott E. North (0028043), Trial Attorney
    James D. Curphey (0015832)
    Julie L. Atchison (0069907)
    Bryan R. Faller (0072474)
    PORTER, WRIGHT, MORRIS & ARTHUR LLP
    41 South High Street, 29th Floor
    Columbus, OH 43215
    (614) 227-2000, (614) 227-2100
    snorth@porterwright.com
    jcurphey@porterwright.com
    jatchison@porterwright.com
    bfaller@porterwright.com

    *Attorneys for Sonoco-US Mills, Inc. and Sonoco Products Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Memorandum in Opposition of Defendants Sonoco-US Mills Inc. and Sonoco Products Company to Newark's First Motion In Limine to Exclude Evidence of a Prior Lawsuit* was served via hand delivery this 5th day of March, 2004, upon the following counsel of record:

>John R. Gall
>Philomena M. Dane
>Squire, Sanders & Dempsey L.L.P.
>1300 Huntington Center
>41 South High Street
>Columbus, Ohio 43215
>
>*Attorneys for Plaintiff*

/s/ Julie L. Atchison
An Attorney for Defendants